1  LAW OFFICE OF PAMELA KOSLYN
   Pamela Koslyn (SBN 120605)
2  5757 Wilshire Blvd., Penthouse 20
   Los Angeles, California 90036
3  Telephone: 323.467.2200
   Facsimile:  323.648.8222
4  Email: pkoslyn@koslynlaw.com

5
   LAW OFFICE OF DANIEL BALLARD
6  Daniel Ballard (SBN 219223)
   6624 Penney Way
7  Carmichael, California 95608
   Telephone: 916.607.3904
8  E-mail: DanielBallardLaw@gmail.com

9
   *Attorneys for Plaintiffs Larisa Love Kopets and Larisa Love, LLC*
10

11              UNITED STATES DISTRICT COURT

12             CENTRAL DISTRICT OF CALIFORNIA

13                    WESTERN DIVISION

14
   | LARISA LOVE KOPETS, an individual, and LARISA LOVE, LLC, a California limited liability company, | Case No. 2:19-cv-07990-DSF (GJSx) |
   |---|---|
   | Plaintiffs, | **NOTICE OF MOTION AND MOTION TO AMEND THE SCHEDULING ORDER TO CONTINUE THE TRIAL DATE** |
   | v. | |
   | LARA KAJAJIAN, an individual, | [ Memorandum of Points and Authorities, Declaration of Daniel N. Ballard, and Proposed Order ] |
   | Defendant. | |
   | | Date: March 29, 2021 |
   | | Time: 8:30 a.m.. |
   | LARA KAJAJIAN, an individual, | |
   | Counterclaimant, | |
   | v. | |
   | LARISA LOVE KOPETS, an individual and LARISA LOVE, LLC, a California limited liability company, | |
   | Counterdefendants. | |

**NOTICE TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that Plaintiffs hereby move to (1) amend the Scheduling Order to continue the trial date from *April 20, 2021* to *August 24, 2021*, (2) to reset the Final Pretrial Conference date accordingly, and to (3) reset the last day for hearing motions to *May 17, 2021*.

This motion is scheduled for hearing on March 29, 2021 at 8:30 a.m. in Courtroom 7D of the First Street Courthouse, 350 West 1st Street in Los Angeles, California before the Honorable Dale S. Fischer. Plaintiffs **_do not request a hearing_** and believe none is needed.

These motions are made following the undersigned's numerous efforts to meet and confer with Defendant's counsel—both of whom ignored each request. Declaration of Daniel N. Ballard, Esq. ("Ballard Dec.") at ¶¶4-7. On the afternoon this motion was filed, Defendant's counsel, Attorney Simon Rosen, conveyed that he "obtained my client's consent to obtain extension of the trial date." *Id.* at ¶8.

These motions are supported by this Notice, the Memorandum of Points and Authorities, the Declaration of Daniel N. Ballard, and any other evidence and argument properly received by the Court.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. Relevant Facts

This is, essentially, a trademark action.

Plaintiffs Larisa Love Kopets and her company, Larisa Love, LLC ("Kopets"), own service mark rights in "Larisa Love" to brand hair salon and hair styling services, to provide hair styling information and advice, and to provide brand ambassador services to third parties to promote their-branded hair products. Dkt. 17 at ¶¶12,14,15,21,25,26.

Defendant Lara Kajajian ("Kajajian") owns trademark rights in "Larissa Love" to brand certain consumer and beauty products. Dkt.28 at ¶¶12,14,20,35,46.

1  Defendant Kajajian contends Plaintiff Kopets is engaging in trademark infringement and related wrongdoing. Dkt.28. Through counsel, Kajajian sent Kopets two cease and desist letters and initiated a proceeding in the Trademark Trial and Appeal Board requesting that it cancel Kopets' "Larisa Love" federal trademark registration. Dkt.17 at ¶¶40,44,46.

*In response*, Kopets filed this action seeking Declarations (i) that she is not an infringer and (ii) cancelling Kajajian's trademark registration, together with three related claims: Interference With Prospective Economic Relationships, Interference with Contractual Relationship, and Unfair Competition. Dkt.1. The parties stipulated to extensions of time for Kajajian to respond during which they conferred—resulting in Kopets filing a First Amended Complaint ("FAC") in which she asserts only two Declaratory Judgment claims. Dkt.17.

Kajajian Answered, alleged twenty-seven affirmative defenses, and asserted six counterclaims. Dkt.28.

## II.  Relevant Procedural Posture

On **March 16, 2020** the Parties filed their proposed Schedule of Pretrial and Trial Dates with their Joint Rule 26(f) Report. Dkt. 37. The Court adopted those dates as its Scheduling Order. Dkts.38,39.

During the last eleven months Attorney Rosen did not conduct *any* discovery to support his client's counterclaims and affirmative defenses. Ballard Dec. at ¶9. He did not designate *any* experts. *Id.* He served only *unverified* responses to Plaintiffs' discovery and produced only a fraction of the responsive documents requested (none Bates-labelled) and, though promised, he did not supplement any response or document production. *Id.*

Non-expert discovery closed on **November 24, 2020** and Expert discovery on **February 1, 2021**. Dkt.37 at p.13. A Settlement Conference on **February 12, 2021** was unsuccessful. Dkt.53.

In addition to failing to meet and confer regarding this Motion, Attorney Rosen has, after numerous requests, failed to engage in the many pre-trial activities required by Federal Rules of Civil Procedure 26(a)(3),(4), Local Rule 16, and this Court's Order re Court Trial (06/05/2020). Ballard Dec. at ¶¶10-13. Counsel have still *not conducted* the very substantial Local Rule 16-2 Final Pretrial Conference meet and confer which was required to be held by **February 10, 2021**. *Id.* at ¶16.

The Parties' Memorandums of Contentions of Fact and Law and Witness Lists must be filed by **March 1, 2021** with their joint Exhibit List and joint Final Pretrial Conference Order. Dkt. 37 at p.13. The Final Pretrial Conference is scheduled for **March 22, 2021**[1] and a bench trial on **April 20, 2021**. *Id.*

### III.   Relevant Law

"A schedule may be modified only for good cause and with the judge's consent." Fed.R.Civ.P. 16(b)(4). *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608-09 (9th Cir.1992).

This Court has made clear that the dates set by its Scheduling Order "are firm" and "[t]he Court is very unlikely to grant continuances unless the parties establish good cause through a concrete showing." Dkts.38,39.

The "good cause" standard looks primarily to the movant's reasons for seeking the modification and its diligence in so doing. *Johnson*, 975 F.2d at 609.

Other considerations include: (1) the degree of prejudice to the moving party resulting from failure to modify; (2) the degree of prejudice to the nonmoving party from a modification; (3) the impact of a modification at that stage of the litigation on the orderly and efficient conduct of the case; and (4) the degree of willfulness, bad faith, or inexcusable neglect on the part of the moving party. *United States v. First Nat. Bank of Circle,* 652 F.2d 882, 887 (9th Cir.1981). When allowing the modification would cause no substantial injury to the opponent and no more than

---

[1] A continuance under Local Rule 16-9 is unavailable due to Attorney Rosen's failure to cooperate.

slight inconvenience to the court, modification should be allowed. *Id.*

In addition, the "pretrial schedule may be modified `if it cannot reasonably be met despite the diligence of the party seeking the extension.'" *Zivkovic v. S. Cal. Edison Co.,* 302 F.3d 1080, 1087 (9th Cir. 2002) (quoting *Johnson*, 975 F.2d at 609).

**IV.  Argument**

This Motion requests that the Court extend for *four months* the motion hearing deadline from **January 11, 2021** to **May 17, 2021** and the trial date from **April 20, 2021** to **August 24, 2021**. Discovery will remain closed.[2]

During that time Kopets will (1) move to withdraw her Second Declaratory Judgment claim seeking to cancel Kajajian's federal trademark registration, (2) move for Judgment on the Pleadings on her Right of Publicity claim, and (3) move for Summary Adjudication on the remainder of her claims.

A.  Reasons for Seeking the Modification

1.  This action can be fully resolved short of trial

In light of Kajajian's failure to conduct <u>any</u> discovery to assemble the testimonial and documentary evidence needed to prove her counterclaims, the heavy burdens of a trial—on the Court, parties, and witnesses—*are unnecessary*. Each of her counterclaims can be resolved without a trial. The defense to each is presented here only to show that summary resolution is likely:

(a) Right of Publicity (Sixth Counterclaim)

Kajajian's right of publicity claim is foreclosed by its statute of limitations. Kajajian alleges in her counterclaims that in July 2017 she became aware that Kopets was using "Larisa Love" professionally and was causing confusion at a fashion trade show. Dkt. 28 at Counterclaim ¶¶38-43.  She did not file her right of publicity claim, however, until November 2019—four months <u>after</u> its two year statute of limitations. *Yeager v. Bowlin*, 693 F.3d 1076, 1081 (9th Cir.2012). This claim can be resolved by a Rule 12(c) Judgment on the Pleadings.

---

[2] A proposed amended Schedule of Pretrial and Trial Dates is attached. Ballard Dec. at ¶17.

(b) Trade dress infringement (Fifth Counterclaim)

Kajajian's trade dress infringement claim fails because she did not describe or even list, in her claim or in discovery, any elements constituting her "trade dress." When asked in Plaintiffs' Interrogatory #38 to list the elements of her trade dress and in Interrogatory #39 to list Kopets' infringing trade dress, Kajajian responded to both: "Investigation pending. This response will be supplemented in due course." Ballard Dec. at ¶18. Kajajian did not supplement and so has not identified either party's alleged trade dress. *Id*. This claim can be resolved by summary adjudication.

(c) Unfair Competition (Fourth Counterclaim)

Kajaijian's Business & Professions Code section 17200 unfair competition claim is foreclosed for lack of standing.[3] To have standing, Kajajian must have "suffered injury in fact and [] lost money or property as a result of the unfair competition." Bus. & Prof Code §17204. This standing threshold requires she allege and "(1) establish a loss or deprivation of money or property sufficient to qualify as injury in fact, i.e., *economic injury*, and (2) show that that economic injury was the result of, i.e., *caused by*, the unfair business practice or false advertising that is the gravamen of the claim." *Van Patten v. Vertical Fitness Group, LLC*, 847 F. 3d 1037, 1048 (9th Cir. 2017), quoting *Kwikset Corp. v. Superior Court*, 51 Cal.4th 310, 322 (2011) (emphasis in original).

Kajajian failed to allege the "lost money or property" element or produce during discovery any evidence of either and, moreover, did not produce any evidence Kopets caused either alleged harm. Ballard Dec. at ¶19. See, *Kwikset,* 51 Cal.4th at 325, 327-28, n.11 (without such proof "standing is absent and the inquiry is complete."). This claim can be resolved by summary adjudication.

(d) Trademark Infringement (First through Third Counterclaims)

The evidence Kajajian must present to prove both common law and statutory trademark infringement is the same. *Grey v. Campbell Soup Co.,* 650 F. Supp. 1166,

---

[3] Kajajian did not plead a common law unfair competition claim. Dkt.28.

1173 (C.D. Cal.1986). And an infringement finding is a prerequisite to Kajajian's first claim seeking to cancel Kopets' trademark registration.

Kajajian purports to brand many different products with her "Larissa Love" mark. One legal issue the Parties presented via their Rule 26(f) Report was: "Of all the trademark rights Defendant owns in 'Larissa Love' to brand her various products which, specifically, have Plaintiffs allegedly infringed?" Dkt. 37 at 4:9-10. Kajajian answered that question in response to Plaintiffs' Interrogatory #1: <u>only her hair products</u>. Ballard Dec. at ¶20. All her other products are irrelevant and their mention only obscures the dispositive trademark infringement analysis.

Kajajian *admits* Kopets owns a federal registration for "Larisa Love" to brand hair salon services. Dkt.28 at Answer ¶26. Kopets' registration provides her with the <u>legal presumptions</u>, as of her application's filing date, that she owns "Larisa Love" as a mark and the exclusive right to use it for hair salon services. 15 U.S.C. §1057(b); *Sengoku Works Ltd. v. RMC Int'l, Ltd., 96 F.3d 1217, 1219-20*, as modified, 97 F.3d 1460 (9th Cir.1996). To prevail, Kajajian must rebut those presumptions—which became effective on December 23, 2016. Ballard Dec. at ¶21. Kajajian must, in short, prove by a preponderance of the evidence she began using "Larissa Love" before December 2016 and continuously since to brand hair products AND, because it is a personal name, that the "Larissa Love" mark developed secondary meaning over that time (i.e., it is recognized as a hair product *brand* and is not simply a *name* on a product). *Miller v. Glenn Miller Productions, Inc.,* 454 F.3d 975, 991 (9th Cir. 2006).

Absent documentary evidence of either her senior use or secondary meaning, and with no experts, Kajajian will have to rely on lay testimony to prove both. This claim <u>most likely</u> can be resolved by summary adjudication.

### 2. The pretrial schedule cannot reasonably be met

As noted, Attorney Rosen failed to engage in the pre-trial activities required by Federal Rules, Local Rule 16, and this Court's Order re Court Trial (06/05/2020).

Ballard Dec. at ¶¶10-15. Counsel have still not conducted their Local Rule 16-2 Final Pretrial Conference meet and confer. *Id.* at ¶16. The Parties' separate Memorandums of Contentions of Fact and Law and Witness Lists, and their joint Exhibit List and Final Pretrial Conference Order will not be filed by March 1, 2021.

B.  <u>Plaintiffs' Diligence in Seeking the Modification</u>

The deadline to hold counsels' Local Rule 16-2 Final Pretrial Conference meet and confer was February 10. The undersigned contacted Attorney Rosen by email on January 12 and 23 and February 3 and 4 to schedule that meeting. *Id.* at ¶¶10-13. Attorney Rosen did not respond to any of those inquiries.

Expert discovery closed on February 1. Dkt.37 at p.13. A Settlement Conference on February 12 was unsuccessful. Dkt.53.

On February 17, Attorney Rosen emailed the undersigned and noted he was available to hold a telephonic meet and confer on February 22—though he did not note whether it was for the Local Rule 16-2 meet and confer or the meet and confer for this motion. Ballard Dec. at ¶14. Attorney Rosen did not respond to two requests for clarification. *Id.* at ¶¶5,6. The undersigned called Attorney Rosen on February 22 at the appointed time and 15 minutes later but he did not answer—and the second time his voice mailbox was full. *Id.* at ¶15. On that date, and though the deadline had passed, the undersigned suggested counsel exchange exhibit and witness lists by February 25. *Id.* Attorney Rosen did not respond. *Id.*

C.  <u>Other Considerations</u>

1.  Degree of prejudice to Kopets

Kajajian's claims can be entirely, or nearly so, resolved by summary adjudication. A three month continuance to allow for those various motions will save time and money and judicial resources.

2.  Degree of prejudice to Kajajian

Kajijian consents to the requested continuance and so suffers no prejudice. *Id.* at ¶8.

///

3. Impact on orderly and efficient conduct of the case

Resolving Kajajian's claims before trial, or at worst, limiting them to only the trademark infringement claims, is efficient. Given that the Court is unlikely to hold an in-person bench trial on April 20 due to the Court's covid-19 restrictions, the continuance provides an orderly way to address the merits of Kajajian's claims.

4. Degree of bad faith or neglect by Kopets.

Kopets has not engaged in bad faith or neglect. Attorney Rosen, however, has.

## V. Conclusion

Good cause exists to (1) amend the Scheduling Order to continue the trial date three months from April 20, 2021 to August 24, 2021, (2) to reset the Final Pretrial Conference date accordingly, and to (3) reset the last day for hearing motions to May 17, 2021.

Respectfully submitted,

Date: March 1, 2021         LAW OFFICE OF DANIEL BALLARD
                            By    /s/ Daniel N. Ballard
                                  *Attorney for Larisa Love Kopets
                                  and Larisa Love, LLC*