# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARISA LOVE KOPETS, et al.,<br>    Plaintiffs,<br><br>                v.<br><br>LARA KAJAJIAN,<br>    Defendant. | CV 19-7990 DSF (GJSx)<br><br>Findings of Fact and Conclusions of Law After Court Trial |

This matter was tried to the Court on October 5, 2021. Having heard and reviewed the evidence and having considered the parties' post-trial submissions, and having observed the credibility of the witnesses, the Court makes the following findings of fact and conclusions of law.

## I. FINDINGS OF FACT[1]

### A.    Larisa Love Kopets

1.    Plaintiff and Counterdefendant Larisa Love Kopets was born in Ukraine under the name "Larisa Kopets" and emigrated to the United States in 1996. Dkt. 69-1 at 3 (Stipulated Facts) ¶¶ 2-3.

2.    Kopets became a citizen of the United States in June 2001. Id. ¶ 4. Kopets' Certificate of Citizenship lists her name as "Larisa Kopets aka Larisa Love Kopets." Id. ¶ 5. On October 11, 2017,

---

[1] Any finding of fact deemed to be a conclusion of law is incorporated into the conclusions of law. Any conclusion of law deemed to be a finding of fact is incorporated into the findings of fact.

Kopets was issued a United States passport under the name "Larisa Love Kopets." Id. ¶ 7.

3. On February 2, 2010, Kopets was issued a cosmetology license by the California Board of Barbering and Cosmetology under the name "Larisa Love Kopets." Id. ¶ 6.

4. Kopets has worked as a cosmetologist since February 2010. Id. ¶ 8.

5. In 2012, Kopets "adopted 'Larisa Love' as her professional name, used that name in the hair salon that employed her, and created a social media persona as 'Larisa Love' via Facebook, Instagram, and YouTube." Id. ¶ 9.

6. Kopets has been known professionally in the hair styling market as "Larisa Love" since 2012. Id. ¶ 10. By 2015, Kopets became an "influencer" in the hair styling industry, and CosmoProf Beauty hired Kopets as part of its "artistic creation team" from 2015 through 2017. Id. ¶ 11.

7. In January 2017, Kopets opened a hair salon in Studio City, California named "Larisa Love Salon." Id. ¶ 12. Larisa Love Salon's customers are "typically high-end consumers seeking expert hair care." Id. Kopets provides hair styling services at her salon, and also sells high-end hair products. Id. Those hair products are available only to licensed salons and are branded with the trademarks and trade dress of each of the products' manufacturers. Id.

8. In 2018, Zotos International, known as Joico, hired Kopets as its brand ambassador. Id. ¶ 13. As a Joico brand ambassador, Kopets promotes only Joico-branded products "using text, photographs, and video she publishes on her website, Facebook, and Instagram social media sites and text and photographs that are published on Joico's website." Id. ¶¶ 14-15. Kopets creates instructional videos showing her styling and coloring hair using Joico products, and those videos are published on Joico's YouTube

2

channel and other channels.  Id. ¶ 15.  Kopets also promotes Joico-branded products in person at Joico-sponsored training sessions for hair stylists, as well as at public beauty product conferences.  Id.

9. Kopets is currently a Joico brand ambassador.  Id. ¶ 13.

10. On December 5, 2016, Kopets established Larisa Love Salon, LLC, a California limited liability company.  Id. ¶ 16.  Kopets changed the name of the company to Larisa Love, LLC on January 8, 2019.  Id.  Kopets has been and is currently the company's "sole member and manager."  Id.

B. **Lara Kajajian**

11. Defendant and Counterclaimant Lara Kajajian resides in Los Angeles, California and owns and operates a retail store named "Larissa Love Cosmetics."  Dkt. 93 (Kajajian Decl.) ¶ 1.

12. While Kajajian was in college, she created an organic, vegan line of bath products.  Id. ¶ 4.  In order to create the line of products, she consulted with a scientist and investigated ingredients, and it took approximately eight months to develop each product.  Id. ¶ 6.  Kajajian has developed other products since then, including shampoos and conditioners.  Id. ¶ 7-8.

13. In about 1997, Kajajian decided to brand her products with the name "Larissa Love."  Id. ¶ 9.

14. In 2010, Kajajian opened her shop in Los Angeles; she moved the shop to Santa Monica, California in 2013.  Id. ¶ 14.  Kajajian is the sole owner of her retail shop.  Id. ¶ 15.

15. Kajajian also owns the domain name LarissaLoveCosmetics.com, at which she publishes a website for her retail store and through which she offers products for sale.  Id.

16. Both at her store and on her website, Kajajian sells consumer products, some of which she brands with a design trademark consisting of an incomplete heart with the letters "LL" appearing within in a stylized font (the LL mark).  Id. ¶ 21.  The

3

same packaging includes the words "Larissa Love" in a stylized font (the Larissa Love Mark).  Id.

17.  Kajajian's marks appear as follows:



18.  Kajajian was the fashion editor for FVM Global Magazine from 2009 through 2014.  Stipulated Facts ¶ 18.  As an editor for FVM, Kajajian wrote articles, made the "Editor's Picks," traveled to fashion shows, and conducted interviews.  Id. ¶ 19.

19.  Kajajian presented as "Larissa Love" as a featured presenter at the 2013 Independent Spirit Awards, which were televised in the United States.  Id. ¶ 22.  At the Independent Spirit Awards, some of Kajajian's Larissa Love-branded products were featured in the gift lounge.  Id. ¶ 23.

20.  In 2015, Kajajian was featured as "Larissa Love" in the magazine US Weekly.  Id. ¶ 24.

21.  Some of Kajajian's Larissa Love-branded products were featured on the entertainment website RADAR Online for a Ukares Foundation fundraiser, and Kajajian was featured in the fashion magazine Gratzie China in 2017 as "Larissa Love."  Id. ¶¶ 25-26.

22.  In 2017, Kajajian began working as a fashion editor for the website Egoreview.  Id. ¶ 27.

C.  **Fictitious Business Name Registrations**

23.  On August 19, 2008, Kajajian registered with the Los Angeles County Clerk the fictitious business name "Larissa Love." Id. ¶ 29.

4

24. On October 17, 2018, Kopets registered with the Los Angeles County Clerk the fictitious business name "Larisa Love Salon." Id. ¶ 29 (second)[2].

25. On January 8, 2019, Kopets registered with the Los Angeles County Clerk the fictitious business name "Larisa Love." Id. Both of Kopets' registrations are current and active. Id.

26. On January 16, 2019, Kajajian registered with the Los Angeles County Clerk the fictitious business names "Larissa Love Cosmetics," "Larissa Love Tea," and "Larissa Love." Id. ¶ 30. Those registrations are current and active. Id.

**D. Trademark Registrations**

27. On December 23, 2016, Kopets filed a trademark registration application with the United States Patent and Trademark Office (USPTO) for the service mark "Larisa Love" (the Larisa Love Mark). Id. ¶ 31. Kajajian did not submit a filing with the USPTO to oppose this registration application. Id. ¶ 32. Kopets' application matured into a registration on July 18, 2017 under Registration No. 5,246,083 as used to brand "hair salon services." Id. ¶ 33. Kopets' registration is current and active and became effective on its filing date of December 23, 2016. Id. Kopets assigned her registration to Larisa Love, LLC. Id. ¶ 34.

28. On March 8, 2018, Kajajian filed a trademark registration application with the USPTO for her LL mark. Id. ¶ 35. Kopets did not submit a filing with the USPTO to oppose Kajajian's registration application. Id. ¶ 36. Kajajian's application matured into a registration on October 9, 2018 under Registration No. 5,580,613 as used to brand "body lotion; body milk; body wash; cosmetics; fragrances; perfumes, aromatherapy fragrance candles; candles." Id. ¶ 37. Kajajian's registration is current and active and became effective on its filing date of March 8, 2018. Id.

---

[2] There are two paragraphs numbered "29."

29. On May 10, 2018, Kajajian filed a trademark registration application with the USPTO for her Larissa Love Mark. Id. ¶ 38. Kajajian's application matured into a registration on January 1, 2019 under Registration No. 5,642,318 and is registered for use on "cosmetics; skin lotion; non-medicated exfoliating preparations for skin; hand cream; perfume oil; bath gel; shower gels; shampoos; hair conditioner; after shave lotions; nonmedicated bath salts, candles, and teas." Id. ¶ 39. The registration is current, active, and became effective on its filing date of May 10, 2018. Id.

E. **Legal Disputes Between Kopets and Kajajian**

30. Kajajian was informed in 2017 that Kopets was operating a hair salon under the name "Larisa Love Salon." Id. ¶ 42.

31. In July 2017, Kopets participated in a CosmoProf beauty products conference in which she was "presented as a CosmoProf expert on hair coloring and was featured as a speaker on that topic." Id. ¶ 43. Kajajian participated in the same conference and presented some of her Larissa Love products for sale. Id. ¶ 44.

32. On December 20, 2018, Kajajian's counsel sent a letter to Kopets alleging that Kopets' use of "Larisa Love" in connection with her hair styling services and Joico brand ambassador services was likely to cause confusion with Kajajian's use of "Larissa Love" in connection with the sale of her products. Id. ¶ 45. Kopets' counsel responded by letter on January 9, 2019, denying that Kopets' use of "Larisa Love" would cause any confusion in the marketplace. Id. ¶ 46.

33. On May 6, 2019, Kajajian filed with the Trademark Trial and Appeal Board (TTAB) a petition to cancel Kopets' trademark registration for "Larisa Love." Id. ¶ 48.

34. On August 20, 2019, counsel for Kajajian sent a cease and desist letter to counsel for Kopets, reasserting that Kopets' use of "Larisa Love" infringed Kajajian's trademark rights to the Larissa Love Mark. Id. ¶ 49.

6

35. "The only products Kajajian purports to offer for sale which are relevant to and form the basis for her counterclaims are her Larissa Love-branded hair products." Id. ¶ 61.

## II. CONCLUSIONS OF LAW

36. This Court has jurisdiction over the parties and the subject matter of this litigation. 28 U.S.C. §§ 2201, 1331, 1338; 15 U.S.C. §§1051 *et seq*.

37. This district is the proper venue for this litigation because a substantial amount of the events or occurrences took place in the Central District of California.

38. Kajajian was required to establish, by a preponderance of the evidence, every element of her claims for trademark infringement. See In re Exxon Valdez, 270 F.3d 1215, 1232 (9th Cir. 2001) ("The standard of proof generally applied in federal civil cases is preponderance of evidence").

39. Kajajian has asserted counterclaims for common law trademark infringement, trademark infringement under the Lanham Act, and declaratory relief based on Kopets' sale, promotion, and marketing of shampoos and conditioners as Joico's brand ambassador.

40. Kopets has asserted a claim for declaratory relief in the form of a declaration of non-infringement by Kopets of Kajajian's Larissa Love Mark.

41. To prevail on her claims for trademark infringement, Kajajian must show that (1) she has a valid, protectable trademark, and (2) Kopets' use of the mark is likely to cause confusion. Applied Info. Scis. Corp. v. eBAY, Inc., 511 F.3d 966, 969 (9th Cir. 2007) (citing Brookfield Commc'ns, Inc. v. W. Coast Ent. Corp., 174 F.3d 1036, 1053 (9th Cir. 1999)).

42. A claimant may establish the first requirement by showing "(1) it has a federally registered mark in goods or services; (2) its

7

mark is descriptive but has acquired a secondary meaning in the market; or (3) it has a suggestive mark, which is inherently distinctive and protectable." Applied Info., 511 F.3d at 970.

43.     Kajajian bears the ultimate burden of showing her trademark is valid and protectable.  Yellow Cab Co. of Sacramento v. Yellow Cab of Elk Grove, Inc., 419 F.3d 925, 927-28 (9th Cir. 2005).

44.     Kajajian does not argue her mark has acquired secondary meaning in the market or that it is a suggestive mark.

45.     Federal registration of a trademark provides prima facie evidence of the mark's validity and entitles the holder to a "strong presumption" that the mark is protectable.  Zobmondo Ent., LLC v. Falls Media, LLC, 602 F.3d 1108, 1113 (9th Cir. 2010).

46.     Validity is a threshold issue.  Tie Tech, Inc. v. Kinedyne Corp., 296 F.3d 778, 783 (9th Cir. 2002).  "[T]here can be no infringement of an invalid mark."  Id.

47.     If Kajajian establishes that her mark has been properly registered, the burden shifts to Kopets to show by a preponderance of the evidence that the mark is not protectable.  Id.  "Once the presumption of validity is overcome, however, the mark's registration is merely evidence 'of registration,' nothing more."  Id.

48.     Kajajian has a trademark registration for her Larissa Love Mark under Registration No. 5,642,318, which became effective on May 10, 2018 and is registered for use on "cosmetics; skin lotion; non-medicated exfoliating preparations for skin; hand cream; perfume oil; bath gel; shower gels; shampoos; hair conditioner; after shave lotions; nonmedicated bath salts, candles, and teas."

49.     Kajajian has established that her Larissa Love Mark is properly registered.

50. Kopets contends that Kajajian's Larissa Love Mark is not protectible because Kopets, not Kajajian, has priority of use of the mark because of Kopets' Larisa Love Mark.

51. "To acquire ownership of a trademark it is not enough to have invented the mark first or even to have registered it first; the party claiming ownership must have been the first to actually use the mark in the sale of goods or services." Rearden LLC v. Rearden Commerce, Inc., 683 F.3d 1190, 1203 (9th Cir. 2012) (citation omitted). "The party who first uses a mark in commerce is said to have priority over other users." Hana Fin., Inc. v. Hana Bank, 574 U.S. 418, 419 (2015). The Lanham Act makes clear that the "term 'use in commerce' means the bona fide use of a mark in the ordinary course of trade, and not made merely to reserve a right in a mark." 15 U.S.C. § 1127; Brookfield, 174 F.3d at 1051.

52. To demonstrate priority of use, Kajajian must prove she (1) "actually adopted and used" the Larissa Love Mark in connection with hair products prior to Kopets' registration of the Larisa Love Mark; and (2) used the Larissa Love Mark in a manner that was "continuous and not interrupted." Dep't of Parks & Recreation for State of Cal. v. Bazaar Del Mundo Inc., 448 F.3d 1118, 1125-26 (9th Cir. 2006).

53. "While the first use need not be extensive, the use must be bona fide and commercial in character" and "accompanied or followed by activities which would tend to indicate a continuing effort or intent to continue such use and place the product on the market on a commercial scale within a time demonstrated to be reasonable in the particular trade." Id. at 1126. Continuous use means use "in a way sufficiently public to identify or distinguish the marked goods in an appropriate segment of the public mind as those of the adopter of the mark." Brookfield, 174 F.3d at 1052 (simplified).

54. "To establish a protectible ownership interest in a common law trademark, the owner must 'establish not only that he or she

9

used the mark before the mark was registered, but also that such use has continued to the present.'" <u>Airs Aromatics, LLC v. Victoria's Secret Stores Brand Mgmt., Inc.</u>, 744 F.3d 595, 599 (9th Cir. 2014) (citing <u>Watec Co., Ltd. v. Liu</u>, 403 F.3d 645, 654 (9th Cir. 2005)).

55. Kopets' registration of the Larisa Love Mark became effective on its filing date of December 23, 2016. Stipulated Facts ¶ 33. Therefore, the Court considers whether Kajajian has proven Mark for hair products prior to December 23, 2016 and continuously to the present.

56. Kajajian introduced both documentary and testimonial evidence that purportedly establishes the use of her Larissa Love Mark in commerce for hair products. She also provided a sample of each bottle.

57. The documentary evidence submitted by Kajajian falls short of establishing that she sold Larissa Love-branded hair products continuously and without interruption prior to December 23, 2016, when Kopets' registration of the Larisa Love Mark became effective, much less through the present.

58. Kajajian submitted images of Larissa Love-branded shampoo and conditioner bottles, but it is not evident from those photographs that the products were for sale or otherwise "used in commerce," and there is no indication of when these bottles were created. Exs. 111, 130.

59. Kajajian also submitted screen captures from Instagram depicting her products, none of which was dated and some of which did not include hair products. Exs. 125 (advertisements for Kajajian products, none of which are hair products), 129 (blurry printout of Instagram page for Larissa Love Cosmetics with unidentifiable products), 142 (Instagram post showing Larisa Love shampoo and conditioner but no dates shown).

60. Kajajian also submitted images from magazines, none of which mention her hair products. Exs. 150-154.

10

61. Further, Kajajian submitted a list of transactions for Larissa Love Cosmetics and invoices for orders of bottles, but these do not indicate sales of her Larissa Love-branded hair products, only that Kajajian operates a business. Exs. 121 (list of transactions for Larissa Love Cosmetics 144 (invoices from 2006 and 2007 for orders of bottles unlike the bottles in which the shampoo and conditioner are displayed).

62. Kajajian did not submit any sales receipts, inventory information, or any other documentary evidence of even a single sale of her Larissa Love-branded hair products. Kajajian also did not submit documentary evidence that she even *offered* her branded hair products for sale.

63. Kajajian submitted testimonials from Shelley Banton, and Lee Evans. Banton's testimonial states that she has "been buying Larissalove products for the last 10 years" and "[h]er shampoo is the best on the market." Ex. 138. This does not indicate when she bought Kajajian's shampoo, or whether Kajajian offered it in commerce "for the last 10 years." Evans' testimonial states that he used to live near Kajajian's store, and assisted Kajajian with her website design in 2014. Ex. 145. Evans' testimonial does not discuss hair products, nor does it identify any other products offered for sale on Kajajian's website at the time he assisted with it.

64. The declarations submitted by Kajajian also fall far short of establishing continuous use of her Larissa Love Mark in commerce for her hair products.

65. Kajajian stated in her written testimony that she opened her first store in Brentwood in 2009, and "the shop primarily sold bath and beauty supplies, as well as cosmetics, teas, candles, and other goods." Dkt. Kajajian Decl. ¶ 10. She does not state that she sold hair products in her store in 2009.

66. Kajajian's mother, Marguerite Kajajian, declared that in 1997, she and Kajajian "started offering for sale my daughter Lara's Larissa Love brand goods for sale – bath, beauty, and health type

11

products . . . as well as shampoos and conditioners . . . ." Dkt. 94 ¶ 3. Marguerite Kajajian also stated that in 2008, Lara Kajajian "opened up her first Larissa Love brand retail shop on San Vicente Blvd" in Brentwood, where "we sold Larissa Love shampoos and conditioners." Id. ¶ 6.

67.Modisty Johnson declared that she has been buying Kajajian's Larissa Love products "for many years," but did not state for how long (though she states she has known Kajajian and her products "since roughly 2011-13"). Dkt. 97 ¶¶ 3-4.

68.While this testimony provides some evidence that Kajajian may have sold Larissa Love-branded hair products in her store as early as 2008 or 2009, it does not establish by a preponderance of the evidence that she continued to offer those products for sale after that date. While Kajajian testified that she currently sells shampoos and conditioners in her store, this is insufficient to establish continuous use. Tr. 118:4-119:6.

69.Kopets' transactional attorney, Anita Rivas, declared that she searched Kajajian's website on January 24, 2020, and searched for the words "hair," "conditioner," and "shampoo," and found no results. Dkt. 101 ¶¶ 4-6.

70.Additionally, Kopets' former social media manager, Dylan Herrington, testified that he went in person to Kajajian's store on approximately August 23, 2019 and did not see any hair products for sale in the store. Tr 85:10-16, 86:19-25.

71.While the Court finds credible Kajajian's testimony that she has worked hard to develop her Larissa Love-branded products, including hair products, it also finds Kajajian has not established by a preponderance of the evidence that she placed her hair products in commerce prior to December 2016 in a manner that was continuous and uninterrupted.

72.Because Kajajian has not established priority of use of the Larissa Love Mark on hair products, she does not have a protectible

12

mark with respect to hair products and cannot prevail on her trademark infringement counterclaims or her counterclaim for declaratory relief.

73. Additionally, because Kajajian does not have a protectible ownership interest in the Larissa Love Mark as to hair products, Kopets is entitled to a declaration that she did not infringe Kajajian's trademark rights.

### III. CONCLUSION

Judgment shall be entered in favor of Kopets and against Kajajian on each of Kajajian's counterclaims, and in favor of Kopets on her sole claim for a declaration of noninfringement.

IT IS SO ORDERED.

Date: March 8, 2022

Dale S. Fischer
United States District Judge

13